## THIRD DEPARTMENT, FEBRUARY, 1966

### (February 2, 1966)

■ In the Matter of RAYMOND CLINE, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— *Per Curiam.* Appeal from an order of the Surrogate's Court of Clinton County which committed appellant, then imprisoned under an unexpired sentence imposed upon his conviction of a felony, to Dannemora State Hospital, pursuant to section 384 of the Correction Law which deals with certification of mentally ill prisoners after the expiration of their terms, upon application of the Director of Dannemora State Hospital made in each case within 30 days prior to the expiration of the individual's term. (See *People ex rel. Cline* v. *Herold*, 25 A D 2d 572.) We take up appellant's various contentions in order. (1) The Surrogate's Court was not, in the then and present state of the law at least, required to assign counsel upon the hearing (see *People ex rel. Kamisaroff* v. *Johnston*, 13 N Y 2d 66, 71, and cf. dissenting opinion p. 72). (2) Under the statutes then existing (but since amended) notice was not required to be served upon appellant's sister, since she was not "known to be within the county" (Mental Hygiene Law, § 74, subd. 3 [as constituted Dec. 30, 1964–Jan. 13, 1965]; Correction Law, § 384 [as amd. by L. 1964, ch. 105, eff. March 16, 1964]). Assuming *arguendo* the applicability to prisoners such as appellant of the succeeding provisions of subdivision 3 requiring, should there be no relative within the county, that service be made upon the person with whom he "may reside, or at whose home he may be, or in their absence, upon a friend", with no express limitation as to the place of residence of any of the persons within these latter categories; certainly service upon appellant's sister residing in Herkimer County (although not required upon her as a "relative" since she was not "known to be within the county" of Clinton) would have to be deemed equivalent to service "upon a friend"; and since subdivision 3 twice provides for *personal* service upon the alleged mentally ill person but merely that notice "*be served* upon such * * * relative * * * or * * * upon a friend" (emphasis supplied) we cannot agree that the court was deprived of jurisdiction or appellant of due process because service upon the sister was by mail. (3) The application was timely as made "*within* thirty days prior to the expiration of the term" (Correction Law, § 384; emphasis supplied). Order affirmed. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.